IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALEXANDRA M.**,

    **Plaintiff,**

    vs.                                    CIV NO. 1:24-cv-01140-KRS

**LELAND DUDEK,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## ORDER DENYING MOTION TO WITHDRAW

THIS MATTER is before the Court on Plaintiff's Counsel's Motion to Withdraw as Counsel and for an Extension of Time for Plaintiff to File Her Opening Brief (the "Motion"), (Doc. 14), filed April 7, 2025. The Court **FINDS** that the Motion fails to comply with the Local Civil Rules of the United States District Court for the District of New Mexico and, therefore, shall be **DENIED without prejudice**.

Plaintiff's Counsel Bryan Konoski ("Konoski") asks for leave to withdraw and to extend Plaintiff's deadline for her opening brief by sixty (60) days. (Doc. 14) at 1. Konoski does not state whether his firm conferred with Plaintiff prior to filing the Motion. Nor does he state whether he conferred with opposing counsel. Konoski also submits Plaintiff consents to the Motion because she previously executed a "notice regarding procedure if debt is owed under the treasury offset program" at the outset of his legal representation. (*Id.* at 3). Finally, Konoski requests a sixty (60) day extension to allow Plaintiff "an opportunity to find new counsel . . . or to file her own brief as a *pro se* Plaintiff." (*Id.*)

Motions filed in the District of New Mexico must state: (1) whether they are opposed, and

(2) that the movant requested, in good faith, concurrence from the other side. D.N.M.LR-Civ 7.1(a). Motions that do not meet these requirements can be summarily denied. *Id.* The Motion does not state whether the opposing party concurred, nor whether Konoski sought concurrence. *See* (Doc. 14). This is one reason the Court denies the Motion.[1]

The Court also denies the Motion because it does not comply with Local Rule 83.8. To protect litigants and the judicial process, the Local Rules of this District impose numerous requirements on those attorneys wishing to withdraw an appearance. If the withdrawal is unopposed by the client and other counsel, then the motion must comply with Local Rule 83.8(a). D.N.M.LR-Civ. 83.8(a). Rule 83.8(a) requires that the motion "indicate consent of the client." *Id.* Moreover, the motion must include the "notice of appointment of substitute attorney; or a statement of the client's intention to appear *pro se* and the client's address and telephone number." *Id*.

If the withdrawal is opposed by the client or other counsel, then the motion must comply with Local Rule 83.8(b). D.N.M.LR-Civ. 83.8(b). Rule 83.8 requires that such motions must, as a threshold matter, be "file[d] and serve[d] on all parties, including the client." *Id*. In addition, the moving attorney must "give notice in the motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion." *Id*.

It is unclear whether the Motion is opposed by the Plaintiff and other counsel as the Motion fails to state either way. Moreover, even if Plaintiff "consented" at the onset of litigation to

---

1 If Counsel refiles the Motion and opposing parties concur that it should be granted, Counsel must also submit a proposed order to sweazeaproposedtext@nmd.uscourts.gov D.N.M.LR-Civ 7.2.

Konoski's withdraw there is a possibility Plaintiff may no longer consent at this stage of litigation—224 days after she executed the "notice regarding procedure if debt is owed under the treasury offset program." As such, the Motion does not comply with either Local Rule 83.8(a) or 83.8(b). Even if the Court were to construe the notice as "consent," it is unclear if Plaintiff intends to proceed *pro se*. A motion to withdraw must include a "notice of appointment of substitute attorney or a statement of the client's intention to appear *pro se* . . . ." D.N.M.LR-Civ 83.8(a). For these reasons, the Court will deny the Motion without prejudice and allow Konoski to refile it in accordance with the Local Rules.

**IT IS THEREFORE ORDERED** that the Motion to Withdraw as Counsel and for an Extension of Time for Plaintiff to File Her Opening Brief, (Doc. 14), is **DENIED without prejudice**.

**IT IS SO ORDERED**.

_____
THE HONORABLE KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE